## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL R. LANE, | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| TROY S. McLEAN and | : | |
| TRANSAM TRUCKING, INC., | : | |
| | : | |
| Defendants | : | No.: |

## **COMPLAINT**

AND NOW comes the Plaintiff, Michael R. Lane, by and through his

counsel, Anzalone Law Offices, and files the within Complaint against the

Defendants, Troy S. McLean and TransAm Trucking, Inc., averring in

support thereof as follows:

### **Brief Statement of the Case**

1.    This case involves a tractor-trailer motor vehicle collision that

took place on January 24, 2017 at approximately 8:06 a.m. on Interstate 81

northbound in Ashely Borough, Luzerne County, Pennsylvania.  At that time, the Plaintiff, Michael R. Lane, was on his way to work and proceeding on the on-ramp near mile 165 when the Defendant, Troy S. McLean, fishtailed his 2015 Kenworth T680 tractor with trailer because he was traveling too fast for the slushy conditions on the roadway.  The Defendant's, Troy S. McLean's, trailer slid onto the on-ramp and struck the driver's side of the Plaintiff's, Michael R. Lane's 2015 Honda Civic, thereby causing the Plaintiff's vehicle to veer off the roadway, and roll multiple times down an embankment.  The Plaintiff's vehicle sustained disabling damage, and the Plaintiff, Michael R. Lane, sustained serious life-threatening injuries.  The Defendant, Troy S. McLean, failed to stop his tractor trailer subsequent to the collision, and was subsequently charged with criminal violation of the Pennsylvania Motor Vehicle Code as a result of his involvement in this motor vehicle collision.

### The Parties

2.     The Plaintiff, Michael R. Lane, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides and is domiciled at 212 Division Street, Hanover Township, Luzerne County, Pennsylvania 18706.

3.      The Defendant, Troy S. McLean, is an adult individual and citizen of the State of New Jersey who currently resides and is domiciled at 1132 Gershal Avenue, Elmer, Salem County, New Jersey 08318-4119.

4.      At all times material hereto, the Defendant, Troy S. McLean, was acting within the course and scope of his employment with the Defendant, TransAm Trucking, Inc., and was the employee, agent, servant or ostensible agent of the Defendant, TransAm Trucking.

5.      The Defendant, TransAm Trucking, Inc., (hereinafter referred to as "TransAm Trucking") is a foreign business corporation incorporated under the laws of State of Missouri, operating in the United States, with a registered address of 105 W. Kansas Street, Suite A, Liberty, Clay County, Missouri 64068.

6.      The Defendant, TransAm Trucking, has a principal place of business and corporate headquarters located at 15910 S. 169 Highway, Olathe, Johnson County, Kansas, 66062, and is a citizen of Missouri and domiciliary of Kansas.

7.      The Defendant, TransAm Trucking, operates throughout the United States as an interstate commerce carrier operating under Department of Transportation No. 315503.

8.  The Defendant, TransAm Trucking, bills itself as "the premier carrier in the temperature-controlled freight industry," and operates a fleet of over 1,000 tractors and over 1,900 trailers out of its headquarters in Olathe, Kansas. See www.transamtruck.com/about.

9.  As a common carrier involved in interstate commerce, the Defendant, TransAm Trucking, regularly conducts business in and throughout the Commonwealth of Pennsylvania.

10. At all times material hereto, Defendant, TransAm Trucking, was the owner of a 2015 Kenworth T680 tractor with trailer bearing Kansas Registration No. 132608, which said tractor trailer was operated by the Defendant, TransAm Trucking, under Department of Transportation No. 315503.

## Jurisdiction and Venue

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. In addition, venue is proper in the Middle District pursuant to 28 U.S.C.A. § 1391(b)(2) because the accident giving rise to this suit

occurred in Ashley Borough, Luzerne County, which is in the Middle

District of Pennsylvania.

## FACTS

13.    At all times material hereto, Defendant, Troy S. McLean, was

operating the 2015 Kenworth T680 tractor trailer within the course and

scope of his employment for the Defendant, TransAm Trucking, with said

tractor trailer being owned by the Defendant, TransAm Trucking.

14.    At all times material hereto, the Plaintiff, Michael R. Lane, was

the owner and operator of a 2015 Honda Civic bearing Pennsylvania License

Plate No. JKG2606.

15.    On January 24, 2017 at approximately 8:06 a.m. the Defendant,

Troy S. McLean, was operating his 2015 Kenworth T680 tractor trailer

northbound on Interstate 81 near exit 165 in Ashley Borough, and was

traveling in the right lane of travel.

16.    At the same time, the Plaintiff, Michael R. Lane, was operating

his 2015 Honda Civic on the on-ramp to Interstate 81 northbound near mile

marker 165, and he was lawfully proceeding to merge onto Interstate 81.

17.    As the Plaintiff, Michael R. Lane, was lawfully attempting to

merge onto Interstate 81 northbound near mile marker 165, the Defendant's

tractor trailer fishtailed, traveled off the roadway to the east, and began to

slide on the slushy roadway, thereby causing his trailer to slide and violently strike the driver's side of the Plaintiff's, Michael R. Lane's, 2015 Honda Civic.

18.     The Plaintiff's, Michael R. Lane's, vehicle was then pushed off the east side of the roadway and struck an embankment, which caused the vehicle to roll multiple times.

19.     The Plaintiff's, Michael R. Lane's, vehicle came to a final resting point down the embankment, along the east side of Interstate 81 northbound, facing east.

20.     As a result of this collision, the Plaintiff's, Michael R. Lane's, vehicle sustained serious and disabling damage.

21.     As a result of this collision, the Plaintiff, Michael R. Lane, sustained serious and life-threatening injuries.

22.     The Plaintiff, Michael R. Lane, was unable to extricate himself from the vehicle and assistance was required to free him from his vehicle.

23.     Following the collision, the Defendant, Troy S. McLean, failed to stop his 2015 Kenworth T680 tractor trailer after causing it to collide with the Plaintiff's, Michael R. Lane's, vehicle.

24.     The Defendant, Troy S. McLean, continued driving his 2015 Kenworth T680 tractor trailer northbound on Interstate 81, leaving the

6

Plaintiff, Michael R. Lane, to suffer on the side of the road without any
assistance from the Defendant, Troy S. McLean.

25.    The Defendant, Troy S. McLean, failed to report the collision to
the authorities.

26.    As a result of the Defendant's, Troy S. McLean's, fleeing the
scene of the crash, a witness to the crash, Bryan Funk, followed the
Defendant's, Troy S. McLean's, tractor trailer in an attempt to obtain his
license number of the hit and run tractor trailer, and to urge the Defendant,
Troy S. McLean, to pull over.

27.    The eyewitness, Bryan Funk, attempted to contact the
Defendant, Troy S. McLean, via CB radio, to no avail.

28.    The eyewitness, Bryan Funk, tried to get the Defendant, Troy S.
McLean, to acknowledge him as they continued to drive northbound on
Interstate 81, but the Defendant, Troy S. McLean, failed to acknowledge Mr.
Funk.

29.    The eyewitness, Bryan Funk, then contacted the Pennsylvania
State Police to report the hit and run collision caused by the Defendant, Troy
S. McLean.

30.    As a result of the Defendant's, Troy S. McLean's, fleeing the
scene of the collision, there were two fewer individuals, namely, the

7

Defendant, Troy S. McLean, and the eyewitness, Bryan Funk, who were available at the scene to:

        (a)    assist in moving the Plaintiff's, Michael R. Lane's, vehicle in order to free him;

        (b)    aid the Plaintiff, Michael R. Lane; and

        (c)    provide aid and comfort to the Plaintiff, Michael R. Lane, who was injured, resulting in enhanced injuries and significant emotional trauma as he lay there waiting to be rescued.

31.    The Defendant, Troy S. McLean, after being involved in a collision resulting in injury, failed to immediately stop his tractor trailer at the scene of the accident, or as close thereto as possible, and he failed to return to the scene and remain there until he had fulfilled his duty to give information and render aid to the Plaintiff, Michael R. Lane.

32.    At no time that day did the Defendant, Troy S. McLean, call 911 and report the crash, or call any first responder to help ensure that emergency medical assistance was provided to the Plaintiff, Michael R. Lane, in a timely manner; as a result of such delay, created by the Defendant, Troy S. McLean, the pain, suffering, physical injuries and emotional trauma suffered by the Plaintiff, Michael R. Lane, was greatly enhanced.

33.     Subsequent to the collision, the Plaintiff, Michael R. Lane, was transported via EMS to the Emergency Department at Geisinger Wyoming Valley Medical Center.

34.     Subsequent to the collision, the Pennsylvania State Police were able to apprehend the Defendant, Troy S. McLean, upon confirmation of eyewitness reports regarding the collision, and in particular, upon information provided by Bryan Funk.

35.     At the time of the collision, the condition of the roadway was slushy and wet, and the Defendant, Troy S. McLean, was driving too fast for conditions.

36.     As a result of this collision, the Defendant, Troy S. McLean, was charged with violation of the following motor vehicle sections:

       (a)     75 P.S. § 3742(a) – Accidents Involving Death or Personal Injury;

       (b)     75 P.S. § 3309(1) – Disregard Traffic Lanes;

       (c)     75 P.S. § 3361 – Driving at Safe Speed;

       (d)     75 P.S. § 3744(a) – Failure to Stop and Give Information/Render Aid;

       (e)     75 P.S. § 3746(a)(1) – Failure to Notify Police of Accident Involving Injury/Death.

37.    As a result of the collision caused by the Defendant's, Troy S. McLean's, carelessness and negligence, the Plaintiff, Michael R. Lane, sustained life-threatening, painful and permanent including compression fracture of his L1 vertebral body with retropulsion.

38.    As a result of the aforementioned collision and injuries, the Plaintiff, Michael R. Lane, has obtained medical care and treatment from numerous medical care providers for which recovery is sought.

39.    As a result of the aforementioned collision and injuries, the Plaintiff, Michael R. Lane, was rendered sore, sick, and disabled, and sustained severe mental and physical pain and great discomfort all of which required medical care and treatment and are alleged to be permanent in nature.

40.    As a result of the aforementioned collision and injuries, the Plaintiff, Michael R. Lane, suffered and continues to suffer severe physical and mental pain, discomfort and inconvenience, and he has been informed, believes and avers that his injuries are of a continuing and permanent nature and that he will require additional medical care and treatment.

41.    The Plaintiff, Michael R. Lane, has been informed that he will be required to spend various sums of money and incur various expenses for

10

treatment of the aforementioned injuries in the future, for which he seeks recovery from the Defendants.

42.     As a result of the injuries sustained by the Plaintiff, Michael R. Lane, as a result of the Defendant's, Troy S. McLean's, negligence, carelessness and recklessness, the Plaintiff, Michael R. Lane, has suffered and continues to suffer a loss of income and loss of earnings capacity and power, a claim for which is hereby made.

43.     The carelessness, recklessness and negligence of the Defendants, TransAm Trucking, by and through its employee, agent and/or ostensible agent, Troy S. McLean, and Troy S. McLean, individually, and TransAm Trucking, individually, caused the Plaintiff's, Michael R. Lane's, serious injuries for which he seeks damages.

WHEREFORE, the Plaintiff, Michael R. Lane, seeks compensatory and punitive damages against the Defendants, Troy S. McLean and TransAm Trucking Equipment Company, Inc. in an amount in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## COUNT I - NEGLIGENCE

## MICHAEL R. LANE VS. TRANSAM TRUCKING EQUIPMENT COMPANY, INC.

44.     The Plaintiff, Michael R. Lane, incorporates herein by reference as though the same were herein set forth fully at length, paragraphs 1 through 43, inclusive of the Complaint.

45.     The carelessness, recklessness and negligent conduct of the Defendant, Troy S. McLean, Individually and as the agent, servant, workman and/or employee of the Defendant, TransAm Trucking, vicariously, which caused the Plaintiff's, Michael R. Lane's, serious injuries, consisted of the following:

      a)     In then and there operating his 2015 Kenworth T680 tractor with trailer at an excess speed under the circumstances then and there existing on the roadway;

      b)     In then and there failing to keep a reasonable lookout for hazards and other vehicles on the roadway;

      c)     In then and there failing to have his 2015 Kenworth T680 tractor with trailer under proper and adequate control under the circumstances;

      d)     In then and there failing to use and/or apply the braking mechanism or take any other reasonable steps to avoid a collision;

e)      In then and there allowing his 2015 Kenworth T680 tractor with trailer to swerve into the merging lane, thereby striking the Plaintiff's vehicle;

f)      In then and there failing to operate his 2015 Kenworth T680 tractor with trailer in a reasonable manner under the circumstances, in particular the slushy and slick roadway;

g)      In then and there operating his 2015 Kenworth T680 tractor with trailer at such a speed and in such a manner thereby creating a dangerous situation for other motorists on the roadway;

h)      In then and there failing to warn the Plaintiff, Michael R. Lane, of impending impact so that the Plaintiff, Michael R. Lane, could take steps to avoid the collision;

i)      In then and there failing to prevent his 2015 Kenworth T680 tractor with trailer from coming into contact with the Plaintiff's, Michael R. Lane's, vehicle;

j)      In then and there operating his 2015 Kenworth T680 tractor with trailer in violation of Federal Motor Carrier Safety regulations;

k)      In then and there violating the provisions of the Pennsylvania Motor Vehicle Code more specifically as follows:

75 P.S. § 3742(a) – Accidents Involving Death or Personal

Injury;

75 P.S. § 3309(1) – Disregard Traffic Lanes;

75 P.S. § 3361 – Driving at Safe Speed;

75 P.S. § 3744(a) – Failure to Stop and Give

Information/Render Aid;

75 P.S. § 3746(a)(1) – Failure to Notify Police of Accident

Involving Injury/Death.

46.     The Defendant's, Troy S. McLean's, actions in fleeing the

scene of the collision and leaving the Plaintiff, Michael R. Lane, behind

without providing any aid or assistance, in blatant violation of the

Pennsylvania Motor Vehicle Code at section 3742 were reckless, and further

jeopardized the health and safety of the Plaintiff, Michael R. Lane.

WHEREFORE, the Plaintiff, Michael R. Lane, seeks compensatory

and punitive damages against the Defendants, Troy S. McLean and

TransAm Trucking Equipment Company, Inc. in an amount in excess of

seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## COUNT II - NEGLIGENCE

## MICHAEL R. LANE VS. TRANSAM TRUCKING EQUIPMENT COMPANY, INC.

47.    The Plaintiff, Michael R. Lane, incorporates herein by reference as though the same were herein set forth fully at length, paragraphs 1 through 46, inclusive of the Complaint.

48.    The carelessness, recklessness and negligence of the Defendant, TransAm Trucking, in addition to those alleged in paragraphs 45 and 46, consisted of the following:

(a)    In then and there failing to properly train the Defendant, Troy S. McLean, for over the road driving, especially in highway like conditions;

(b)    In then and there hiring as a driver, Defendant, Troy S. McLean, when the Defendant knew or should have known that he was not qualified to safely operate said tractor;

(c)    In then and there engaging the services of Defendant, Troy S. McLean, as a driver, when the Defendant knew or should have known that he was not qualified to safely operate the aforesaid tractor with trailer;

15

(d)     In then and there failing to adequately train, supervise and instruct the Defendant, Troy S. McLean, in a manner so as to properly and safely operate said tractor;

(e)     In then and there allowing the Defendant, Troy S. McLean, to remain in their employ when they knew or should have known he was not qualified to safely operate the aforesaid tractor;

(f)     In then and there failing to enforce DOT regulations concerning the hours and distance which its drivers may be on the road;

(g)     In then and there failing to enforce its own procedures concerning the amount of hours and distances which its drivers may be on the road;

(h)     In then and there failing to inspect or enforce DOT and/or internal safety regulations and procedures for the 2015 Kenworth T680 tractor with trailer;

(i)     In then and there failing to enforce its own procedures concerning termination of driver(s) involved in prior, serious motor vehicle collisions;  and,

(j)     In then and there failing to thoroughly investigate the Defendant's, Troy S. McLean's, driving record and criminal record.

49.     The conduct of the Defendant, TransAm Trucking, as more particularly set forth in paragraph 49 (a) through (j), inclusive, constituted a wanton and reckless disregard for the safety of the Plaintiff, Michael R. Lane, and further constituted a conscious disregard for the high probability of serious harm which would be incurred by the Plaintiff, Michael R. Lane, for which punitive damages are warranted.

WHEREFORE, the Plaintiff, Michael R. Lane, seeks compensatory and punitive damages against the Defendants, Troy S. McLean and TransAm Trucking Equipment Company, Inc. in an amount in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## COUNT III – NEGLIGENT ENTRUSTMENT

## MICHAEL R. LANE VS. TRANSAM TRUCKING EQUIPMENT COMPANY, INC.

50.     The Plaintiff, Michael R. Lane, incorporates herein by reference as though the same were herein set forth fully at length, paragraphs 1 through 49, inclusive of the Complaint.

51.     The aforementioned collision and injuries sustained by the Plaintiff, Michael R. Lane, were a direct result of the carelessness, negligence and recklessness of the Defendant, TransAm Trucking, which said carelessness, negligence and recklessness consisted of the following:

(a)     In then and there entrusting the 2015 Kenworth T680 tractor with trailer to the Defendant, Troy S. McLean, when the Defendant, TransAm Trucking, knew or should have known that he had a prior history of causing serious accidents resulting in injury, and that he would fail to operate his truck safely on Interstate 81 in Ashley Borough, Luzerne County, Pennsylvania;

(b)     In then and there allowing the Defendant, Troy S. McLean, to operate the 2015 Kenworth T680 tractor with trailer without retraining the Defendant, Troy S. McLean, regarding safe operation of the truck;

(c)     In then and there allowing the Defendant, Troy S. McLean, to operate the 2015 Kenworth T680 tractor with trailer when the Defendant, TransAm Trucking, knew or should have known that he would cause a collision; and

(d)     In then and there entrusting the 2015 Kenworth T680 tractor with trailer to be operated by the Defendant, Troy S. McLean, when the Defendant, TransAm Trucking, knew or should have known that the Defendant, Troy S. McLean, had a propensity for danger, a likelihood for speeding, a likelihood for driving while distracted, and a propensity for ignoring traffic laws.

18

WHEREFORE, the Plaintiff, Michael R. Lane, seeks compensatory and punitive damages against the Defendants, Troy S. McLean and TransAm Trucking Equipment Company, Inc. in an amount in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

Respectfully submitted,

ANZALONE LAW OFFICES

JAMIE J. ANZALONE, ESQUIRE

KELLY M. CIRAVOLO, ESQUIRE
Anzalone Law Offices
98 South Franklin Street
Wilkes-Barre, PA 18701
(570) 825-2719
Attorneys for Plaintiff,
Michael R. Lane

19

## **VERIFICATION**

I, MICHAEL R. LANE, Plaintiff herein, certify that the statements contained in the foregoing Complaint are true and correct and are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

MICHAEL R. LANE