# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LANE, :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
v. : 3:17-CV-428
: (JUDGE MARIANI)
TROY MCLEAN, et al., :
:
　　　　Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On March 8, 2017, Plaintiff Michael R. Lane filed a Complaint in the above-captioned action against Troy S. McLean and TransAm Trucking, Inc., wherein he alleged Negligence (Counts I, II) and Negligent Entrustment (Count III) against the Defendants as the result of a tractor-trailer motor vehicle collision that occurred on January 24, 2017. (Doc. 1). Defendants thereafter filed a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 7) and a supporting brief (Doc. 8), requesting that the Court "dismiss part of, or in the entirety," 12 paragraphs in Plaintiff's 51 paragraph Complaint. Plaintiff filed a brief in opposition to Defendants' motion (Doc. 10), to which Defendants replied (Doc. 13).

Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 7) having been fully briefed, it is now ripe for resolution. For the reasons that follow, the Court will deny Defendants' motion in its entirety.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> District courts are afforded considerable discretion when addressing a motion to strike. Generally, motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.

*Yellow Book Sales & Distrib. Co., Inc. v. White*, 2011 WL 830520, at *4 (E.D. Pa. 2011) (internal citations and quotation marks omitted). *See also, N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 158 (E.D. Pa. 1994). "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D. Pa. 2007) (quoting *N. Penn Transfer, Inc.*, 859 F.Supp. at 158); *see also Pozarlik v. Camelback Assocs., Inc.*, 2011 WL 6003841, at *3 (M.D. Pa. 2011) ("[T]he standard for striking portions of a plaintiffs complaint 'is strict and only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken'") (quoting *Johnson v. Anhorn*, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004)) (internal alterations omitted).

## III. ANALYSIS

Defendants request that the Court "dismiss part of, or in the entirety, paragraphs 1, 8, 24, 25, 26, 27, 28, 30, 31, 32, 34, and 46 of Plaintiff's Complaint." (Doc. 7, at 1). In

support of this request, Defendants, in their Memorandum of Law in Support of their Motion to Strike, divide their argument into five sections with each section addressing specific paragraphs which Defendants contend should be stricken and set forth their reasons for so arguing. Specifically, Defendants argue the following:

1. References to Defendant McLean having been charged with a criminal violation of the Pennsylvania Motor Vehicle Code, being "in blatant violation of Pennsylvania Motor Vehicle Code at section 3742", and being apprehended by the Pennsylvania State Police are all scandalous and immaterial matters and thus those allegations within paragraphs 1 and 46 of the Complaint should be stricken and paragraph 34 should be stricken in its entirety. (Doc. 8, at 3).

2. Plaintiff's inclusion of TransAm's website address and certain language contained on the website in its "About TransAm" section are irrelevant, immaterial, and have no essential or important relationship to the claim for relief and therefore paragraph 8 of the Complaint should be stricken in its entirety. (*Id.* at 4).

3. References to Defendant McLean failing to render aid to Plaintiff after the accident at issue are scandalous, immaterial, prejudicial, and have no essential or important relationship to the claims of relief and thus paragraphs 24, 30, and 31 of the Complaint should be stricken in their entirety. (*Id.*).

4. References to Defendant McLean failing to report an accident are scandalous, immaterial, prejudicial, and have no essential or important relationship to the claims

of relief and thus paragraphs 25 and 32 of the Complaint should be stricken in their entirety. (*Id.* at 4-5).

5. References to Defendant McLean's alleged failure to acknowledge a third party witness are scandalous and immaterial and have no essential or important relationship to the claims of relief and thus paragraphs 26, 27, and 28 should be stricken in their entirety.[1] (*Id.* at 5).

The Court will address the defendants' arguments in the order in which those arguments were raised in Defendants' brief.

First, Defendants seek to strike as "scandalous and immaterial matters" the allegations within paragraphs 1 and 46 of the Complaint with respect to Defendant McLean having been charged with a criminal violation of the Pennsylvania Motor Vehicle Code, being "in blatant violation of Pennsylvania Motor Vehicle Code at Section 3742", and being apprehended by the Pennsylvania State Police. Defendants also argue that paragraph 34 should be stricken in its entirety in connection with the aforementioned assertions.

Paragraph 1 of Plaintiff's Complaint can be fairly characterized as a concise statement of the plaintiff's allegations as to the events of January 24, 2017. Plaintiff alleges that the motor vehicle accident at issue occurred as a result of the negligent conduct of Defendant McLean, whose trailer struck Plaintiff's vehicle, causing it to veer off the roadway

---

[1] Defendants' argument with respect to McLean's alleged failure to respond to a third party witness requests that "paragraphs 26, 27, and 32 of the Complaint" be stricken in their entirety. (*See* Doc. 8, at 5). However, an earlier reference in this subsection of Defendants' brief, as well as a review of Plaintiff's Complaint, reveal that Defendants' reference to paragraph 32 is a typographical error and Defendants are requesting that paragraphs 26, 27, and 28 be stricken.

4

and roll "multiple times down an embankment." As a consequence, the plaintiff's vehicle "sustained disabling damage" and the plaintiff himself sustained "serious life-threatening injuries." (Doc. 1, at ¶ 1). Plaintiff has also alleged, however, that Defendant McLean "failed to stop his tractor trailer subsequent to the collision, and was subsequently charged with criminal violation of the Pennsylvania Motor Vehicle Code as a result of his involvement in this motor vehicle collision." (*Id.*). The Court views the allegations of paragraph 1 as tightly related to one another and relevant to McLean's conduct not only in operating his tractor trailer but also in his actions immediately thereafter in failing to stop subsequent to the collision. To suggest that the plaintiff's post-collision allegations do not contain the basis for the introduction of relevant evidence at trial as to the collision as well as to the damages suffered by the plaintiff is unreasonable. The allegations are neither scandalous nor immaterial. Likewise, the allegation that McLean was "subsequently charged with criminal violation of the Pennsylvania Motor Vehicle Code as a result of his involvement in the motor vehicle collision", presents a legitimate, threshold assertion of facts which, on their face, are relevant to this claim.

In the same vein, the defendants' assertion that paragraph 46 contains scandalous and immaterial allegations is without merit. Paragraph 46 alleges that Defendant McLean's actions "in fleeing the scene of the collision and leaving the Plaintiff, Michael R. Lane, behind without providing any aid or assistance, in blatant violation of the Pennsylvania Motor Vehicle Code at section 3742 were reckless, and further jeopardized the health and

5

safety of the Plaintiff, Michael R. Lane." (Doc. 1, at ¶ 46). As to this, Plaintiff explains in his Brief in Opposition to the Motion to Strike (Doc. 10):

> Plaintiff, Michael R. Lane, is not alleging that the crash in which he was injured was caused by the Defendant, Troy S. McLean, failing to stop and failing to render aid and notify authorities; rather, Plaintiff has alleged that the harms and losses he sustained were made worse as a direct result of the conduct of the Defendant, Troy S. McLean, subsequent to the crash that he caused.

(*Id.* at 9). The plaintiff argues that he was unable to extricate himself from the vehicle after the collision and that the act of McLean leaving the scene of the collision "potentially enhanced" Lane's physical injuries, and caused him to suffer "anxiety and emotional distress as he sat in his vehicle waiting to be rescued." (*Id.* at 8). Thus, Lane argues that "[i]n this case, the post-collision conduct of the Defendant, Troy S. McLean, is directly relevant to the Plaintiff's claims of physical and mental damages," and that the post-collision conduct of McLean was the "proximate cause of additional injuries and significant emotional suffering sustained by the Plaintiff," who was allegedly in need of immediate assistance after his vehicle rolled down the embankment adjacent to the highway – assistance that he alleges he was deprived of by McLean's failure to stop at the scene of the accident. (*Id.* at 8-9).

The Court agrees with these arguments by Plaintiff for the relevance of paragraph 46. While proof of such conduct by McLean must obviously be adduced at trial and will be subject to such objection under Federal Rule of Evidence 403 as the defendants may make,

these trial and evidentiary issues do not afford a basis for this Court to strike as scandalous, impertinent, or immaterial the allegations of paragraph 46 or any part thereof.

With respect to paragraph 34, the allegations set forth therein state no more than that the Pennsylvania State Police apprehended Defendant McLean based on eyewitness reports regarding the collision and the information provided by a third-party, Bryan Funk. These allegations are, again, part and parcel of the plaintiff's account of the events of January 24, 2017, and present facially relevant information whose admissibility and probative value under Federal Rules of Evidence 401 and 403 will be determined if offered as evidence at trial.

Defendants next contend that paragraph 8 of the Complaint should be stricken in its entirety. That paragraph seeks to provide something in the nature of a "corporate face" for defendant, Trans-Am Trucking, alleging that it "bills itself as the 'premier carrier in the temperature-controlled freight industry,'" and "operates a fleet of over 1,000 tractors and over 1,900 trailers out of its headquarters in Olathe, Kansas." (Doc. 1, at ¶ 8). The Defendants assert that these allegations have no essential or important relationship to the claim for relief and thus should be stricken in their entirety.

The relevance of the allegations in paragraph 8 present matters that are more dimly perceivable as relevant to this case at this juncture. Indeed, Plaintiff himself makes little argument in support of his inclusion of paragraph 8 in the Complaint, arguing summarily that paragraph 8 "simply describes the Defendant, Trans-Am Trucking, and provides context for

its operations" (Doc. 10, at 11). Plaintiff argues in the alternative that the language does not need to be stricken but may be treated as "mere surplusage" and ignored. (*Id.* at 12).

In resolving this issue, the Court notes, first, that the Complaint seeks punitive damages in its prayer for relief in Counts One, Two, and Three. Should this matter be tried and the jury find that the conduct of one or both defendants was outrageous, a jury is entitled to award punitive damages in order to punish that defendant for the conduct and to deter that defendant and others from committing similar acts. (Pa. S.S.J.I. (Civ.), § 8.00)). A defendant's wealth is a proper element for the jury to consider in determining what will be an amount sufficient to punish and deter the defendant from committing similar acts. (*Id.* at § 8.20, sub. comm. note). *See also, Sprague v. Walter*, 656 A.2d. 890, 920 (Pa. Super. Ct. 1995), *app. denied*, 673 A. 2d. 336 (Pa. 1996)) (a defendant's net worth is a "valid measure of its wealth" for purposes of punitive damages). Thus, Plaintiff's allegations in paragraph 8 contain the potential for relevance should this matter be tried and punitive damages awarded. While this statement should not be understood by the parties as any indication by this Court as to whether punitive damages should or will be awarded in this case or, for that matter, whether liability should be assessed against one or both of the defendants, paragraph 8 still presents allegations that cannot be deemed irrelevant, scandalous, immaterial, or impertinent.

Next, Defendants move to strike paragraphs 24, 30, and 31 of the Complaint. Paragraph 24 alleges that Defendant McLean continued driving his tractor trailer

northbound on Interstate 81 "leaving the Plaintiff, Michael R. Lane, to suffer on the side of the road without any assistance from the Defendant, Troy S. McLean." Paragraph 30 sets forth the allegation that as a result of McLean "fleeing the scene of the collision, there were two fewer individuals, namely, the Defendant, Troy S. McLean, and the eyewitness, Bryan Funk, who were available at the scene" to free Lane and provide aid and comfort to him. Paragraph 31 alleges that McLean "failed to immediately stop his tractor trailer at the scene of the accident" and "failed to return to the scene and remain there until he had fulfilled his duty to give information and render aid" to Lane.

Plaintiff argues that the allegations in paragraphs 24, 30, and 31, "directly support Plaintiff's claims for physical and mental damages, and the emotional trauma the Plaintiff has suffered as a result of this collision caused by the Defendant, Troy S. McLean." (Doc. 10, at 13). While any duty that Defendant McLean may owe Plaintiff to assist in the moving of Plaintiff's vehicle in order to free him as well as to offer aid and comfort to Plaintiff may well be the subject of dispute between Plaintiff and Defendants, this Court cannot say that these allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration and thus should be stricken. See *Johnson v. Anhorn, supra,* at 809. A motion to strike a pleading may not serve as a preemptive attempt at summary judgment as appears to be the defendants' intention here. Thus, the Court will deny Defendants' motion to strike paragraphs 24, 30, and 31 of Plaintiff's Complaint for the reasons set forth above.

Next, Defendants move to strike as scandalous and immaterial the allegations in paragraphs 25 and 32 of the Complaint. Paragraph 25 alleges that Defendant McLean "failed to report the collision to the authorities." Paragraph 32 presents an amplification of paragraph 25, alleging that Defendant McLean did not call 911 to report the crash or "call any first responder to help ensure that emergency medical assistance was provided to the Plaintiff, Michael R. Lane, in a timely manner." Plaintiff further alleges that as a result of this delay, a delay created by Defendant McLean, the plaintiff's pain, suffering, physical injuries and emotional trauma were "greatly enhanced."

Plaintiff's allegations in the Complaint are supported by Plaintiff's argument in his brief in opposition to Defendants' motion, that McLean's conduct "was the proximate cause of additional injuries and significant emotional suffering sustained by the Plaintiff, Michael R. Lane, who was in need of immediate assistance after his vehicle rolled down the embankment adjacent to the highway; he was deprived of assistance that could have been provided at the scene by Defendant, Troy S. McLean, and the motorist who followed the Defendant to get him to stop his tractor trailer." (Doc. 10 at 8-9). Plaintiff emphasizes that he is not alleging that the crash in which he was injured was caused by Defendant McLean's failing to stop and failing to render aid and notify authorities. Rather, Plaintiff argues that the harms and losses he sustained were made worse as a result of the conduct of McLean subsequent to the crash that he allegedly caused. (*Id.* at 9).

Plaintiff's arguments present claims directly arising out of and intimately related to the collision which Plaintiff alleges was caused by Defendant McLean's negligence. They also present a claim of an additional cause of Lane's injuries in the nature of an exacerbation of such injuries as were suffered by him in the collision. As such, the allegations are clearly relevant and are neither scandalous nor impertinent and accordingly, Defendant's motion to strike paragraphs 25 and 32 will be denied.

Lastly, Defendants seek to strike in their entirety paragraphs 26, 27, and 28. These paragraphs make reference to Defendant McLean's alleged failure to acknowledge a third-party witness, more specifically, that McLean, after allegedly fleeing the scene of the crash, was followed by Bryan Funk in an attempt by Funk to obtain McLean's license number and to urge McLean to pull over. Paragraph 27 alleges that Funk attempted to contact McLean via CB radio without success and paragraph 28 sets forth the allegation that Funk, as an eyewitness to the collision, attempted to get McLean to "acknowledge him as they continued to drive northbound on Interstate 81, but the Defendant, Troy S. McLean, failed to acknowledge Mr. Funk." The difficulty with Defendants' argument with respect to these paragraphs is simply that the paragraphs are foundational allegations for the allegations of paragraphs 29, 34, and 36 of the Complaint. Paragraph 29 alleges that Funk, the eyewitness, contacted the Pennsylvania State Police "to report the hit and run collision caused by the Defendant, Troy S. McLean." Paragraph 34 then alleges that the Pennsylvania State Police "were able to apprehend the Defendant, Troy S. McLean, upon

confirmation of eyewitness reports regarding the collision, and in particular, upon information provided by Bryan Funk." Then, paragraph 36 recites that as a result of the collision, Defendant McLean was charged with five violations of the Pennsylvania Motor Vehicle Code including: 75 P.S. § 3742(a) – Accidents Involving Death or Personal Injury; 75 P.S. § 3309(1) – Disregard Traffic Lanes; 75 P.S. § 3361 – Driving at Safe Speed; 75 P.S. § 3744(a) – Failure to Stop and Give Information/Render Aid; and 75 P.S. § 3746(a)(1) – Failure to Notify Police of Accident Involving Injury/Death.

Clearly the paragraphs challenged as scandalous and impertinent, i.e. paragraphs 26, 27, and 28, should not be stricken in light of their integral relation to other paragraphs, specifically paragraphs 29 and 36, which the defendants have made no attempt to strike.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 7) will be denied in its entirety. A separate Order follows.

Robert D. Mariani
United States District Judge